she left the walk or curb to go over the street, the exception to such refusal to charge was well taken, as the proposition, in that view of it, embraced everything essential to relieve the defendant from the imputation of negligence.   But if it had relation to the time that the child reached the tracks of the railroad, and proceeded to cross them, then there was no error in the refusal to charge, because, as suggested by the learned counsel for the plaintiff, the proposition omitted an "element of negligence based on the failure of the motor-man to observe the child before she stepped upon the track."   The former is the fair meaning of the language, and as the proposition would be commonly understood, and therefore the contention of the counsel founded upon such suggestion cannot be supported.   In the view thus taken, the cited case of Bennett v. Railroad Co., 1 App. Div. 205, 37 N. Y. Supp. 447, has no necessary application to the present one.   In that case the court refused to charge "that, if the defendant's motorman was exercising that degree of care which a person of ordinary prudence would have exercised under the circumstances, at the place in question, and stopped his car as quickly as possible after he saw the child in front of it, the verdict must be for the defendant."   And on the review it was well said by the court that "the request excluded consideration of the conduct of the motorman prior to the occurrence of the accident."   There was no such omission in the submitted proposition in the present case, since there was no occasion to apprehend that the child intended to or would proceed to cross the tracks until she started from the curb to do so; and then it must, for the purposes of the question, be assumed that the car was moving at a reasonable and proper rate of speed, and was then so close to the place where she was struck that it was impossible for the car to be stopped before the accident occurred.

These views lead to the conclusion that the judgment and order should be reversed, and a new trial granted; costs to abide the event.   All concur.

(23 App. Div. 51.)

GORDEN v. KINGS COUNTY EL. RY. CO.

(Supreme Court, Appellate Division, Second Department.   December 7, 1897.)

ELEVATED ROADS—DAMAGES—OPINION EVIDENCE.
    In an action for injunctive relief against an elevated railroad company, it is proper to permit an expert to give his opinion of the cause of the depreciation generally in fee value of property in the same part of the city as that in question, during some years past.

Appeal from special term, Kings county.

Action by William Gorden against the Kings County Elevated Railway Company.   From a judgment in favor of defendant, dismissing the complaint on the merits, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Stephen M. Hoye, for appellant.
W. C. Percy, for respondent.

WILLARD BARTLETT, J.    This is the ordinary suit for injunctive relief against an elevated railroad company, and for fee and rental damages arising from the construction and operation of the line.    The learned trial judge dismissed the complaint upon the merits at the close of the evidence on both sides, on the ground that the plaintiff's premises had not been damaged by the construction or operation of the defendant's road.    While the evidence does show a diminution in the fee and rental value of the property (No. 325 Fulton street in the city of Brooklyn) since the railroad was built and began operation, I think there is a preponderance of proof in support of the conclusion that the diminution is due to the general movement of business on Fulton street from below the city hall to the upper portion of the same street.

Aside from the questions of fact, the appellant argues but three points:

1. He insists that the court erred in receiving the testimony of an incompetent witness (Rustin) as to fee and rental values.    This objection rests on the statement of the witness (who gave opinion evidence as to the value of the property since the construction of the road) to the effect that he had not sold anything "prior to the building of the elevated."    The context shows, however, that he was speaking at this time of sales on Fulton street only, and did not mean to retract his previous statement that he had been in the general real-estate business 31 years, renting and selling in this location, and on the adjacent streets, from Sands street up.    That testimony fully qualified him as an expert.

2. It is said that the court erred in permitting the witness James, for the defendant, to be asked: "What, in your opinion, has been the cause of the depreciation generally in the fee value of property on Fulton street below the city hall, within the past eight or ten years?"    This was a perfectly proper question for an expert, under the doctrine of the Van Wycklen Case, 118 N. Y. 429, 24 N. E. 179. It is for such witnesses to interpret such causal relations of proved facts as are not obvious without special knowledge of the subject.

3. Finally, it is urged that the court received incompetent testimony from the witness Cook as to the value of premises not in suit. The answer to this point is that Cook was the plaintiff's witness, and the evidence was elicited from him upon cross-examination by the defendant, as was entirely proper.

The judgment should be affirmed.    All concur.